**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA ELSY PEREZ-SABORIT,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73102

Agency No. A213-352-357

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021[**]
Submission Withdrawn November 23, 2021
Resubmitted December 8, 2021
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Ana Elsy Perez-Saborit, a native and citizen of Cuba, petitions for review of

a Board of Immigration Appeals (BIA) order upholding the immigration judge's

(IJ) denial of her applications for withholding of removal and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).  We deny the petition for review.

**1.**  Substantial evidence supports the agency's adverse credibility determination.  Perez-Saborit's account of the past harm she experienced in Cuba changed materially between her initial interview with an immigration official, her I-589 application, and her subsequent declaration.  In her initial interview with the immigration official, when asked what type of crime or violence she had been a victim of in Cuba, Perez-Saborit stated only that she had suffered verbal abuse by the police.  In her I-589 application, however, she stated that she had been "physically and verbally abused" and that "[t]he mistreatment occurred [on] January 15, 2019."  Then, in Perez-Saborit's subsequent declaration, she indicated for the first time that she had suffered an additional incident of significantly greater physical harm in February 2019.

These alterations were "not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution.'"  *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016).  It was not unreasonable for the agency to reject Perez-Saborit's explanation that she failed to disclose the physical abuse because the initial interview was "brief," and that she did not believe she needed to update her I-589 application to include both instances of physical abuse.  *See id.* at 1186.

Because these material alterations are sufficient under the totality of the

circumstances to support the adverse credibility finding, we do not address the BIA's additional reasons for affirming the IJ's adverse credibility determination.

In the absence of credible testimony, Perez-Saborit's withholding of removal claim fails.[1]

**2.** Substantial evidence also supports the agency's determination that Perez-Saborit is ineligible for CAT protection. Perez-Saborit's claim for relief under CAT is based on the same testimony that the agency deemed not credible. Because Perez-Saborit's generalized country conditions evidence does not compel the conclusion that she is more likely than not to be tortured, her claim under CAT fails. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**3.** The technical disruptions to Perez-Saborit's merits hearing via video conference did not violate her due process rights. A due process violation occurs when (1) the proceeding was so fundamentally unfair that the petitioner was prevented from reasonably presenting her case, and (2) the petitioner demonstrates prejudice. *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012). While the numerous technical disruptions to the merits hearing raise concerns, Perez-Saborit has failed to show prejudice. Because the grounds on which we uphold the

---

[1] Perez-Saborit did not challenge the BIA's denial of her motion to reopen to consider her eligibility for asylum, and instead argued only that, if the court overturned the agency's adverse credibility determination, "remand for consideration of asylum is in order as well." Any further challenge to the merits of the BIA's ruling is waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

agency's adverse credibility determination rest on material alterations to Perez-Saborit's claim contained in the evidentiary record she submitted, rather than on inconsistencies in her hearing testimony that could have been affected by the disruptions, her due process claim fails.

**PETITION FOR REVIEW DENIED.**